**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ALPHA OUMAR SADIO DIALLO,  : 
              : 
   *Petitioner,*       :  Case No. 1:26-cv-228
              : 
v.            :  Judge Jeffery P. Hopkins
              : 
KEVIN RAYCRAFT, Field Office  : 
Director of Enforcement and Removal : 
Operations, Detroit Field Office,  : 
Immigration and Customs Enforcement, : 
*et al.,*          : 

   *Respondents.*

---

**ORDER**

---

Petitioner Alpha Oumar Sadio Diallo, a citizen and native of Guinea, is a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Butler County Jail in Butler County, Ohio. He has been detained since January 20, 2026. In response to his detention, Petitioner has filed a Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2241. In his Petition, Petitioner requests immediate release from detention. Respondents filed a Return of Writ (Doc. 7), to which Petitioner filed a Reply (Doc. 8). The matter is ripe for adjudication.

### I. BACKGROUND

Petitioner has been in the United States since January 2024. Pet., Doc. 1, ¶ 27. After entering the United States from Mexico, he was apprehended by a border patrol agent near Lukeville, Arizona on January 12, 2024. Pet'r. Ex. C, Doc. 1-4, PageID 37. Petitioner was released on his own recognizance and issued a Notice to Appear designating him as "an alien present in the United States who has not been admitted or paroled." Pet'r. Ex. B, Doc. 1-3,

PageID 19. Petitioner was later arrested and detained by ICE on January 20, 2026. Doc. 7, PageID 64. As set forth in his Petition and Reply, Petitioner seeks release from detention on the basis that he is detained pursuant to 8 U.S.C. § 1226(a) and that his detention without a bond hearing violates his rights to due process under the Fifth Amendment. Doc. 8, PageID 151–57. Respondents assert that Petitioner is subject to mandatory detention under § 1225(b), and is therefore not entitled to a bond hearing, nor eligible to be released on bond. Doc. 7.

## II.   LAW AND ANALYSIS

It is well settled that: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art I, § 9, cl. 2. The constitutional guarantee of the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2) (emphasis added). To preserve the right of the people to obtain relief under this Clause, Congress enacted 28 U.S.C. § 2241. Section 2241 confers on federal district courts the power to issue writs of habeas corpus to persons held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This authority also includes challenges made by noncitizens in immigration-related detention matters. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Because Petitioner challenges his detention, the Petition is properly before the Court for consideration.

### A.  Section 1226(a) governs Petitioner's detention.

Respondents contend that Petitioner is properly detained under 8 U.S.C. § 1225(b). Doc. 7, PageID 65–71. However, for the reasons set forth in *Lopez Campos v. Raycraft*, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026) and *Ortiz Soto v. Saxon*, No. 1:25-cv-768, 2026 WL 1205571 (S.D. Ohio May 4, 2026), this Court concludes that § 1226(a), not § 1225(b)(2)(A),

2

governs noncitizens like Petitioner who have resided in the United States and were already within the United States when apprehended and arrested.[1]

### B. Petitioner's detention violates due process.

Petitioner argues that his detention violates his due process rights guaranteed by the Fifth Amendment. Pet., Doc. 1, PageID 13–14; Doc. 8, PageID 154–57.

For the reasons set forth in *Lopez Campos v. Raycraft*, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026) and *Ortiz Soto v. Saxon*, No. 1:25-cv-768, 2026 WL 1205571 (S.D. Ohio May 4, 2026), this Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights.

### III.    CONCLUSION

For these reasons, it is **ORDERED** that Petitioner's constitutional and statutory claims challenging the denial of bond be **GRANTED**. It is further **ORDERED** that Respondents **RELEASE** Petitioner or **PROVIDE** Petitioner with an individualized bond hearing before an immigration judge within 7 calendar days of the date of this Order at which the government shall bear the burden to demonstrate, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk; at which the IJ must consider non-bond alternatives to detention or, if setting a bond, Petitioner's ability to pay.

**IT IS SO ORDERED.**

May 15, 2026

Jeffery P. Hopkins
United States District Judge

---

[1]    The Court recognizes that Petitioner relies on the decision in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025) to further support his Petition. Based on the outcome here, the Court need not decide whether or to what extent *Maldonado Bautista* would be binding. *See Quintana v. Lynch*, 1:25-cv-919, 2026 WL 746359, at *12 n.9 (S.D. Ohio March 17, 2026) (Dlott, J.).